UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INTERCEPTOR IGNITION
INTERLOCKS, INC.,

                        Plaintiff,

                                                                      18-cv-4289 (PKC)

   -against-

                                                                        ORDER

AT&T MOBILITY SERVICES, LLC,

                        Defendant.
-----------------------------------------------------------x

CASTEL, District Judge:

        AT & T Mobility Services, LLC ("AT&T") seeks to enforce a final arbitration award (the "Final Award") issued by Hon. Jose L. Linares, U.S.D.J. (ret.) in the matter of Interceptor Ignition Interlocks, Inc. v. AT&T before the American Arbitration Association, AAA Arbitration No. 01-20-0001-6612. AT&T's motion invokes the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

        Interceptor Ignition Interlocks, Inc. ("Interceptor") has had notice of this action because it is the original plaintiff in the action. AT&T filed a motion to confirm the Final Award on January 22, 2025, and Interceptor has not responded.

        The Second Circuit has held that "default judgments in confirmation . . . proceedings are generally inappropriate," and the Court must review the pleading and accompanying record in accordance with the standard for granting summary judgment. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

DISCUSSION

      I.      <u>Legal Standard.</u>

A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions." <u>D.H. Blair & Co.</u>, 462 F.3d at 109. "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" <u>Id.</u> at 110 (citations omitted). As the Second Circuit further explained: "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case[.]' Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." <u>Id.</u> (citations omitted).

      II.      <u>The Final Award Is Confirmed</u>.

In an Opinion and Order of March 7, 2019, the Court concluded that the claims asserted by Interceptor in this action were subject to the arbitration provisions of the AT&T Corporate Digital Advantage Agreement (the "ACDA Agreement"). The Court stayed the action pending the outcome of the arbitration.

Retired Judge Linares was appointed as arbitrator on or about January 28, 2021. After a three-day hearing on arbitrability, the Arbitrator concluded that the underlying dispute fell within the scope of the arbitration clauses in a 15-page Opinion and Findings of Fact and Conclusions of Law on Arbitrability.

The Arbitrator allowed AT&T to move for summary judgment. While the motion was served on Interceptor, it did not respond to the motion. The Arbitrator granted the motion in

a written Opinion, Order and Interim Judgment which was 16 pages in length.  Thereafter, AT&T withdrew its counterclaim in arbitration against Interceptor.

On November 14, the Arbitrator issued a Final Award incorporating his Opinion and Findings of Fact and Conclusions of Law on Arbitrability, his Opinion, and Order and Interim Judgment, and all his interim orders issued during the arbitration.  The Final Award dismissed with prejudice all of Interceptor's claims against AT&T.

There is no genuine factual dispute regarding the propriety of the Final Award, and AT&T's submissions adequately demonstrate that it should be confirmed.

The Court concludes that the Final Award is based in law and fact and should be confirmed.

CONCLUSION

For the foregoing reasons, AT&T's motion to confirm the Final Award (ECF 78) is GRANTED.  The Clerk shall enter Final Judgment based upon the Final Award and this Court's Order dismissing with prejudice the claim in arbitration of Interceptor against AT&T with prejudice and dismissing the counterclaim and the request for attorneys' fees and costs asserted in the arbitration by AT&T against Interceptor without prejudice.  The Clerk is respectfully requested to close the case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        March 28, 2025